## SAN BENITO INDEPENDENT SCHOOL DIST. OF CAMERON COUNTY, TEX., v. FARMERS' STATE BANK et al.

### No. 9506.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 30, 1935.

James Q. Louthan, of San Benito, for appellant.

Ocie Speer, of Austin, for appellees.

SMITH, Justice.

On May 16, 1932, Farmers' State Bank & Trust Company of San Benito was closed and its affairs were taken over by the state banking commissioner for administration, as provided by law. Up to that time San Benito Independent School District maintained four separate checking accounts in the bank, which was the district treasury, as follows:

First, an "interest and sinking fund account," from taxes assessed, collected, and deposited in said account for the purpose of paying interest and principal upon the district's bonded debt, in which account there was a balance, at the time the bank failed, of $12,942.68;

Second, a "local maintenance fund account," in which were deposited taxes assessed and collected for the specific purpose of local maintenance, exclusive of teachers' salaries, in which there was a balance of $318.25;

Third, an "interest and penalty refunding account," in which had been deposited interest and penalties unlawfully collected from the taxpayers, which under the law were required to be refunded to those paying them. In this account there was a balance, at the time the bank failed, of $124.16. The balances in the three foregoing accounts aggregated $13,385.09.

Fourth, a "state available warrant fund account," in which were deposited, as received, funds received from the state for the specific purpose of paying teachers' salaries. In this account, however, there was no balance on hand at the time the bank failed. Moreover, at that time the bank held unpaid district

742

warrants drawn against that account in the aggregate amount of $3,409.18, which the bank carried, not as an overdraft, but as assets.

In this situation the district brought this action against the bank and banking commissioner to recover $13,385.09, being the amount of the balance of funds on deposit in the first three accounts mentioned, and prayed that the amount of the unpaid warrants held by the bank against the exhausted fourth, or "state available warrant fund account," be offset against the district's claim, leaving a balance of $9,975.91, for which net amount the district prayed judgment.

The bank and banking commissioner answered, setting up their claim of $3,409.18, represented by the unpaid district warrants held by them against the exhausted "state available warrant fund account," and, asserting that that claim against that fund could not lawfully be applied as an offset against the district's claim upon deposits in the other three specific fund accounts, prayed for direct judgment upon said warrants.

The trial court rendered judgment in favor of the district for the amount of its deposits in the bank, and in favor of the banking commissioner for the amount of the unpaid warrants held by him, but denied the district's prayer that the latter recovery be applied as an offset. The district has appealed.

The appeal rests upon appellant's one proposition of law that, "It being stipulated and agreed that at the time the defendant bank failed it had on deposit $13,385.09 of the plaintiff's funds, and held $3,409.18 of the plaintiff's warrants, the Court should have granted the plaintiff's claim of right to set-off, and awarded it judgment for $9,975.91, that being the net sum due."

Upon its face the proposition appears to be sound. It would be upheld, in fact, if the record had shown the fact, in effect assumed in the proposition, that the district's deposits in the bank were general, or in one account, and that appellee's claim thereon was of a like character. But neither the district's deposits, nor the bank's claim against the district, was general. The deposits were of specific public funds, in separate and specific accounts, while the bank's claim was against a different specific public fund allocated by law to a separate account, in which there was no balance against which appellant's claim could be charged. The appeal, therefore, must be tested by these facts, rather than by those stated in the proposition. Specifically, the contention of the district in this appeal is, that the amount of the war-

rants held by the bank against the state available warrant fund account should be applied as an offset against the district's judgment for the amount of the deposits in the accounts of the other three funds. On the other hand, appellees contend, and the trial court decreed, that the amount of the warrants against the one fund could not be applied as an offset against the amount of the deposits in the other and distinct funds. We are of the opinion that the trial court correctly decided the question.

The precise question presented here seems not to have been decided by the courts of this state, but its solution seems simple under the application of settled principles of law.

█ It is too well settled to require citation, or any extended discussion, that a public fund collected and allocated for a particular public purpose cannot be lawfully diverted to the use of another particular public purpose. Under that wise rule, when applied here, when the taxpayer pays a certain tax for the specific purpose of liquidating a particular public bonded indebtedness of his school district, the funds derived therefrom cannot lawfully be used for the purpose of paying teachers' salaries, chargeable under the law to a different public fund; when lawful interest and penalties have been collected from the taxpayers and segregated into a particular fund, and is required by law to be refunded to the taxpayer, as is the case here, that fund may not lawfully be diverted to the payment of teachers' salaries chargeable to another specific fund, as is sought to be done by appellant; when a specific tax has been levied and assessed by a school district and paid by the taxpayers, for the particular purpose of "local maintenance" (exclusive of teachers' salaries), and the fund so collected has been segregated and allocated to that purpose, as was done here, the district may not divert that fund to another for the purpose of paying teachers' salaries, as is sought to be done by the district in this case.

So when the bank acquired the warrants against the district's "state available fund" account, which was exhausted, at least for the time being, it could not lawfully collect them by charging the amounts thereof to the accounts of the interest and sinking fund, or the local maintenance fund, or the interest and penalty refunding fund; it could only hold the warrants until the account against which they were drawn was replenished, and it was so holding them, as among its assets, when it ceased to do business.

The corporate school district, as are all municipal corporations, is but a trustee or guardian of the public funds coming into its possession under the law, and may disburse those funds only in the manner and for the purposes prescribed by law. As the funds in question were gathered in, the district, in obedience to law, allocated them to the several purposes for which they were paid in, and deposited them with the bank in appropriate separate accounts kept for each specific fund. When so segregated into separate accounts, the district had no power or authority to transfer any part of the funds from either account and apply it to the purposes of any other account, any more than a trustee of several persons or estates could divert the funds of one cestui que trust to the use of another. Nor could the bank, in this case, lawfully pay the warrants drawn on one particular account out of the funds of another particular account, any more than it could charge the draft of one individual depositor to the account of another. The rights, capacities and interests of the respective parties are thus fixed by settled principles of law, and there being no mutuality of rights, interests and capacities between the district as trustee of the "available state" fund and account, and the same entity as trustee of the other three specific funds and accounts, it could not appropriate the one to the uses of the others.

The inevitable conclusion is, then, that in balancing the accounts between the district and the bank, the claim of the latter against the "state available fund" of the former could not be applied as an offset against the obligations of the bank to the other three separate fund accounts. The bank could not enforce such offset in an action thereon, nor may the district enforce it in this action.

The judgment is affirmed.