

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable R. L. Elliott
County Attorney
Stephens County
Breckenridge, Texas

Dear Sir:

Opinion Number O-4801
Re: Use of common school
district bond tax.

We have received your letter of recent date in which you submit the following fact situation:

In the early months of 1941 bonds were voted by a common school district. The Commissioners' Court canvassed the returns of the election, declared that proposition had carried, authorized the issuance of the bonds, and levied a 25¢ tax to pay the interest and provide a sinking fund for the redemption of such bonds at maturity.

The bonds were never approved or sold. You wish to know whether the funds realized from collection of the tax may be used for remodeling the school building. The question as to the legality of the bond issue is not before us, and we expressly refrain from expressing any opinion thereon. If the bond issue itself is not legal, then the tax levied for the payment of interest and the retirement of such bonds is illegal, and any funds realized from such illegal levy should be refunded to the taxpayers. For the purposes of this opinion, therefore, the bond issue is assumed to be in all respects legal.

In the case of San Benito Independent School District of Cameron County, Tex., v. Farmers' State Bank, et al., 78 S.W. (2d) 741, the court made the following statement:

"It is too well settled to require citation, or any extended discussion, that a public fund collected and allocated for a particular public purpose cannot be lawfully diverted to the use of another particular public purpose."

We quote the following from Opinion No. O-1803:

Honorable R. L. Elliott, page #2. (O-4801)


"You are respectfully advised at the outset
that the funds derived from the tax levy for the
purpose of paying the interest on and retiring a
particular issue of bonds may be used only for that
purpose, and the diversion and use of such funds
for a different purpose is unauthorized and unlawful.
This department has so held on several occasions."

The 25¢ tax was levied for the purpose of paying the
interest and retiring the bonds which were voted. Therefore,
the funds realized from the collection of such tax may be
used for no other purpose. You are respectfully advised
that your question is answered in the negative.

We are enclosing for your consideration copies of
Opinions No. O-1503 and No. O-4726. Opinion No. O-4726
deals with the question whether local funds may be used to
complete an unfinished school building.

Very truly yours,

ATTORNEY GENERAL OF TEXAS
s/ George W. Sparks

By

George W. Sparks
Assistant

APPROVED AUG. 29, 1942
s/ Gerald C. Mann
Attorney General of Texas


GWS-s-cg

Approved Opinion Committee
by BWB, Chairman